IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

        Plaintiff,

v.

**DEAN JOHN PERRI,**

        Defendant.

6:09-cr-60083-MC
6:08-cr-00529-MC
3:99-cr-00122-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Dean John Perri moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing health concerns with regard to the COVID-19 pandemic and his need to assist his mother. Because Mr. Perri remains a danger to the community, Mr. Perri's Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(C)(1)(A)(i), ECF No. 103,[1] is DENIED.

## LEGAL STANDARD

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate release after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the

---

[1] Mr. Perri also filed identical motions for compassionate release in No. 6:09-cr-60083-MC and No. 6:08-cr-00529-MC. *See* ECF No.'s 67 & 65. For brevity, the Court only references the docket in No. 3:99-cr-00122-MC. And for the same reasons stated within this Opinion and Order, Mr. Perri's other pending motions for compassionate release are also DENIED.

1 – OPINION AND ORDER

> Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court must also consider whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

## DISCUSSION

Mr. Perri received a 150-month term of imprisonment for two-counts of bank robbery in 2011. In addition, he received consecutive sentences totaling 37 months for supervised release violations in two unrelated cases. Gov.'s Resp. to Def. Mot. for Recons. 2, ECF No. 113. Mr. Perri will be eligible for pre-release custody to the community on December 20, 2022. Def.'s Mot. To Recons. 2–3, ECF No. 103.

Mr. Perri is currently 51 years old and suffers from multiple health concerns including obesity, Hepatitis C with liver cirrhosis, and a history of smoking. Def.'s Mot. for Recons. 1.

Because of the ongoing COVID-19 pandemic and Mr. Perri's underlying heath conditions, he may have met the "extraordinary and compelling reasons" criteria. U.S.S.G. § 1B1.13, cmt. n.1(B).[2]

But even if the Court were to assume that Mr. Perri has met the extraordinary and compelling reasons criteria, Mr. Perri has failed to demonstrate that he is no longer a danger to the community. When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019).

Mr. Perri has a substantial criminal history beginning in 1989. From 1989 to 1999, Mr. Perri was convicted multiple times on charges that involved firearms. Presentence Investigation Report ("PSR") ¶¶ 38, 41, 42, 47. Mr. Perri participated in a riot at USP Lompoc in 2003, while serving a 63-month sentence related to a felon-in-possession of a firearm charge from 1999. PSR ¶ 48. During the riot, Mr. Perri attacked a corrections officer by striking the officer in the face with keys. PSR ¶ 48. For these actions Mr. Perri received another 57-month sentence. PSR ¶ 48. In 2008, Mr. Perri was released and within a few months sanctioned for violating a no-alcohol condition. PSR ¶ 47. In June 2009, Mr. Perri was released again and within a month he robbed two banks. Mr. Perri threatened the teller at the first bank with a demand note that said, "I HAVE A

---

[2] Given Mr. Perri's health conditions, the Court need not address Mr. Perri's arguments on sentencing guideline amendments or his mother's need for care.

GUN! THIS IS A ROBBERY!!! NO DIE PACKS! NO ALARMS. NO SIGNALS. $20s AND $50s AND $100 DOLLAR BILLS. DO IT NOW OR DIE!" PSR ¶ 15. During the second robbery, Mr. Perri carried a BB gun and showed it to the teller along with a note that said "money, gun, and dye." PSR ¶¶ 16-18.

    Mr. Perri's current sentence is due in part to his demonstrated inability to adhere to the conditions of his supervised release. As noted above, the last time Mr. Perri was on supervised release he robbed two banks within a month of his release from prison. Though Mr. Perri has tried to stay clean, he has several disciplinary violations for the use of alcohol and suboxone while in prison. Def.'s Mot. for Recons. 4. For these reasons, the Court agrees with the Government that Mr. Perri has failed to demonstrate that he is no longer a danger to the community. Gov.'s Resp. to Def. Mot. for Recons. 5.

    Because of his long and often violent criminal history, the 18 U.S.C. § 3142(g) factors weigh against Mr. Perri. The Court thus finds that Mr. Perri remains a danger to the community.

## CONCLUSION

    For these reasons, Mr. Perri's Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(C)(1)(A)(i), ECF No. 103, is DENIED.

IT IS SO ORDERED.

    DATED this 6th day of April, 2021.

                                                                                s/Michael J. McShane
                                                                                 Michael J. McShane
                                                                                  United States District Judge